**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bodie C. SUTER, Defendant–Appellant.**

No. 99–10183.

D.C. No. CR–97–00249ACK.

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2001 *.

Decided July 24, 2001.

Before WALLACE, SNEED, and SKOPIL, Circuit Judges.

MEMORANDUM **

Federal prisoner Bodie C. Suter appeals his 135–month sentence for attempting to possess and distribute narcotics, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Suter contends that the district court erred by denying his request for a minor participant downward adjustment under USSG § 3B1 .2(b). We disagree.

We review for clear error the district court's determination that a defendant does not qualify for minor or minimal participant status. *United States v. Pena–Gutierrez*, 222 F.3d 1080, 1091 (9th Cir.),

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*cert. denied,* 531 U.S. 1057, 121 S.Ct. 670, 148 L.Ed.2d 570 (2000).

Because Suter arranged the shipment of the drugs, recruited a third party to assist him, was entrusted to retrieve a substantial amount of methamphetamine and had been dealing methamphetamine for more than a year prior to this incident, we cannot say the district court clearly erred by denying his request for a minor participant downward adjustment. *See United States v. Davis,* 36 F.3d 1424, 1436–1437 (9th Cir.1994) (stating that defendant, who acted as courier in drug transaction, was not entitled to a downward adjustment where additional factors existed showing that defendant was not minor or minimal participant), *cert. denied,* 516 U.S. 971, 116 S.Ct. 433, 133 L.Ed.2d 348 (1995).

■ Suter also contends that the district court erred by denying his request for a downward departure, under USSG § 5K2.0, based on his lack of control over the contents of the package that contained the methamphetamine. *See United States v. Mendoza,* 121 F.3d 510, 513–514 (1997). However, the district court's discretionary decision not to depart on this basis is not reviewable on appeal. *United States v. Timbana,* 222 F.3d 688, 699 (9th Cir.), *cert. denied,* 531 U.S. 1028, 121 S.Ct. 604, 148 L.Ed.2d 516 (2000).

AFFIRMED.